IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOCIAL POSITIONING INPUT SYSTEMS, LLC, § § § § Plaintiff, § vs. § GPX INTELLIGENCE, LLC, § d/b/a LOGISTIMATICS, § § Defendant. § § | Case No: PATENT CASE |

# COMPLAINT

Plaintiff Social Positioning Input Systems, LLC ("Plaintiff" or "SPIS") files this Complaint against GPX Intelligence, LLC, d/b/a Logistimatics ("Defendant" or "GPX") for infringement of United States Patent No. 9,261,365 (hereinafter "the '365 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company with a virtual office located at 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

4. On information and belief, Defendant is a Delaware limited liability company with its principal office located at 1127 High Ridge Rd., #132, Stamford, CT 06905. On information and belief, Defendant may be served through its agent, Corporation Service

Company, 251 Little Falls Drive, Wilmington, DE 19808.

5. On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

6. On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

## VENUE

7. On information and belief, venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant is deemed to reside in this District. Alternatively, acts of infringement are occurring in this District and Defendant has a regular and established place of business in this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 9,261,365)

8. Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10. Plaintiff is the owner by assignment of the '365 Patent with sole rights to enforce the '365 Patent and sue infringers.

11. A copy of the '365 Patent, titled "Device, System and Method for Remotely Entering, Storing and Sharing Addresses for a Positional Information Device," is attached hereto as Exhibit A.

12. The '365 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '365 Patent by making, using (at least by having its employees, or someone under Defendant's control, test the accused Product), importing, selling, and/or offering for sale associated hardware and software for asset locating services (e.g., Logistimatics asset tracking platform, and any associated hardware, apps, or other software) ("Product") covered by at least Claim 1 of the '365 Patent. Defendant has infringed and continues to infringe the '365 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

14. On information and belief, Logistimatics was originally a d/b/a of Brickyard Wireless, LLC, a North Carolina limited liability company having an address at 1004 North Elm Street, Greensboro, NC, 27401.

15. On information and belief, Brickyard Wireless, LLC and GPX Intelligence, LLC merged on or about January 20, 2021, with GPX Intelligence, LLC being the surviving entity.

16. On information and belief, GPX Intelligence, LLC is liable for past infringement by Brickyard Wireless, LLC d/b/a Logistimatics as alleged herein, and for infringement on or after the date of its merger with Brickyard Wireless, LLC for the continuing activities of the d/b/a Logistimatics.

17. On information and belief, as a result of the merger of GPX Intelligence, LLC with Brickyard Wireless, LLC, Defendant assumed the assets and liabilities of Brickyard Wireless, LLC, including any liabilities for patent infringement caused by the d/b/a Logistimatics' past or present manufacture, use, sale, or offer for sale of the Product.

18. The Product provides a vehicle tracking system for real-time GPS tracking of assets. A user can receive location information on a positional information device (e.g., mobile

device or computer). Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.



Source: https://logistimatics.com/product/wired-421/



19. The Product software sends a request from a first (requesting) positional information device (e.g., mobile device or desktop with software installed) to a server. The request is for the real-time location (e.g., stored address) of a vehicle or vehicles, and includes a first identifier of the requesting positional information device (e.g., user ID and password for the Product software used in the particular enterprise). The request is sent to the Product server for transmitting the vehicle location. The server receives the at least one address from a second (sending) positional information device at the vehicle. Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.

Case 1:21-cv-00636-GBW Document 1 Filed 04/30/21 Page 6 of 11 PageID #: 6







Source: https://logistimatics.com/product/wired-421/

Source: https://logistimatics.com/my-account/
Source: https://logistimatics.com/product/wired-421/

20. The at least one address is received from the server at the requesting positional information device. For example the Product's server transmits the position of an asset (at least one address) to the requesting positional information device. Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.



The tracker that works everywhere
All GPS trackers send their location information back over the cellular network. The Wired-421 is special because it works on both the Verizon and AT&T networks. This means if either (or both) of these carriers have cellular coverage in your area, the tracker will work great. Most of the US and many international destinations have this coverage, so the tracker will work almost everywhere.

Source: https://logistimatics.com/product/wired-421/

21. A second identifier for the second (sending) positional information device is determined based on the first identifier and the server retrieves the at least one address stored in the at least one sending positional information device. The Product application installed on the requesting positional information device requests (from the server) the vehicle's GPS location (i.e., at least one stored address stored). As shown above, before activating the tracker (i.e., the sending positional information device), a unique tracking device's ID number (i.e., second identifier) needs to be added to the user's account identified by the user login ID and password

(i.e., the first identifier). Hence, the tracker device's ID number (i.e., second identifier) is mapped to the user's login ID (i.e., the first identifier) for tracking the real-time location (i.e., at least one stored address stored) of the vehicle. Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.



Source: https://logistimatics.com/product/wired-421/

 

Source: https://logistimatics.com/my-account/
Source: https://logistimatics.com/product/wired-421/

22. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

23. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

24. Plaintiff is in compliance with 35 U.S.C. § 287.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 9,261,365 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: April 30, 2021                                          Respectfully submitted,

**GAWTHROP GREENWOOD, PC**

*/s/ David W. deBruin*
David W. deBruin, Esq. (#4846)
3711 Kennett Pike, Suite 100
Wilmington, DE 19807
Tel: (302) 777-5353
ddebruin@gawthrop.com

*Attorneys for Plaintiff*

Jay Johnson, Esquire *(#24067322)*
*(Pro Hac Vice Application Pending)*
**KIZZIA JOHNSON, PLLC**
1910 Pacific Ave., Suite 13000
Dallas, Texas 75201
(214) 451-0164
jay@kjpllc.com